# Amended Complaint

1
2
3
4
5
6
7
8

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

9  | NATALYA POGREBINSKY and VLADIMIR    Case No.: 16-2-15701-7 SEA
   | POGREBINSKY,
10 |
11 |              Plaintiff,                AMENDED COMPLAINT
12 | vs.
13 | CACH, LLC, AND MANDARICH LAW
   | GROUP, PLLC
14 |
15 |              Defendants

16      COMES NOW, Plaintiffs, Natalya Pogrebinsky and Vladimir Pogrebinsky ("Ms.
17
   Pogrebinsky" or "Mr. Pogrebinsky"), by and through their undersigned attorney Leonard Law
18
   and CM Hammack Law and Complain as follows:
19

20                      I.   STATEMENT OF THE CASE
21
       This is an action for actual damages and injunctive relief to prevent Defendant CACH,
22
   LLC and Mandarich Law Group, LLP, from inflicting further harm on Plaintiffs and to prevent
23
   future harm to other Washington consumers and debtors and to prevent Defendants' future
24
   violations of state and federal law.
25
26
27
28

COMPLAINT - 1                                    **Leonard Law**
                                             801 2nd Avenue, Suite 1410
                                                 Seattle, WA 98104
                                                  (206) 486-1176
                                                  (206) 458-6028

## II.   PARTIES

2.1     Plaintiffs are residents of Washington state.

2.2     Plaintiffs were sued by Defendant CACH, LLC ("CACH") in King County Superior Court case number 15-2-24488-4 (hereinafter "the Case").

2.3     In the Case, CACH alleged that Plaintiffs owed a consumer debt to CACH.

2.4     Plaintiffs are natural persons who reside in King County Washington, and were alleged by Defendants to be obligated to pay a debt and are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3), and/or persons affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

2.5     Defendants alleged Plaintiffs owed a debt to them and Plaintiffs are "debtor[s]" as that term is defined under Washington's Collection Agency Act ("WCAA"), RCW 19.16.100(7).

2.6     Plaintiffs are "person[s]" as that term is defined in Washington's Consumer Protection Act ("WCPA") who were injured in their business or property by Defendants and with standing to bring a claim for actual damages, treble damages and injunctive relief under RCW 19.86.090.

2.7     Defendant CACH is licensed in Washington as an "Out of State Collection Agency" and does its collection business in Washington under UBI# 603-094-219.

2.8     Defendant Mandarich Law Group LLC ("Mandarich") is licensed in Washington as an "Out of State Collection Agency" and does business in Washington under UBI# 603-343-190.

2.9     On information and belief, Mandarich acts in at least two capacities when servicing CACH debts. It provides non-legal collection services, and it provides legal services

COMPLAINT - 2

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

including litigation of claims.

2.10    CACH directly or indirectly engages in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person, and is a "collection agency" within the meaning of WCAA, RCW 19.16.100(4).

2.11    Mandarich directly or indirectly engages in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person, and is a "collection agency" within the meaning of WCAA, RCW 19.16.100(4).

2.12    CACH is a debt collection company that collects third party debts from consumers across the United States. In so doing, it uses the United States Postal Service and other instrumentalities of interstate commerce the principal purpose of which is the collection of debts. Mandarich regularly collects or attempts to collect through, direct and indirect contact with Washington consumers, debts asserted to be owed or due another.

2.13    Defendants are therefore "debt collectors" as defined by the FDCPA (15 U.S.C. § 1692a(6)), and "collection agencies" and "licensees" as defined by the WCAA.

2.14    Through Defendants collection practices they engage in commerce that directly or indirectly affects the people of the state of Washington, and engage in "trade" and "commerce" as those terms are defined by the WCPA, RCW 19.86.010.

2.15    Defendants attempts to collect a debt from Plaintiffs are at the heart of this litigation.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in King County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in King County Washington, and

COMPLAINT - 3

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

where the injury to Plaintiff or some part thereof occurred in King County Washington, and

where the Defendants have engaged in substantial business contacts in King County Washington,

and where the Defendants have already submitted to this jurisdiction by attempting to collect a

debt in this jurisdiction and court, and where Plaintiffs pray for injunctive relief.  RCW

19.16.390; 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

       3.2      Defendants are liable to Plaintiffs pursuant to the provisions of the WCPA, RCW

19.86 et seq., the WCAA, RCW 19.16 et seq., RCW 4.24.350(1), and the FDCPA, 15 USC

§1692 et seq., as well as other applicable state and federal laws.

## IV.   FACTS

       4.1      Pursuant to CACH's instructions and directions, on or about December 9, 2014,

The Law Firm of Allan C. Smith ("Smith") sent to Ms. Pogrebinsky a collection letter dated

December 9, 2014 that demanded payment on an account alleged to be Ms. Pogrebinsky's that

was sold to CACH, LLC (the "alleged account").

       4.2      The December 9, 2014 letter was the first time the Pogrebinskys received notice

that CACH sought to collect on a debt it alleged Ms. Pogrebinsky incurred.

       4.3      Smith's demand for payment in the first notice relied entirely on information

provided by its client CACH.

       4.4      On December 18, 2014, Plaintiffs sent to Smith a validation request letter

demanding proof that CACH was entitled to collect on the alleged account. Plaintiffs requested a

full account history, an itemization of all charges, a copy of the sales contract and proof of

payment including amount paid, and proof that Smith was licensed to perform debt collection in

Washington.

COMPLAINT - 4

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

4.5     CACH sent Plaintiffs three more notices through its agent Smith. Those letters were dated January 27, 2015, February 4, 2015, and February 11, 2015.

4.6     Included with its January 27, 2015 letter, CACH provided Plaintiffs with documentation it claimed showed that the Plaintiffs owed the alleged debt. Those documents did not indicate the date of last payment on the alleged account. Those documents did not indicate how the total amount CACH and Mandarich claimed to be due had been calculated. One of the documents provided, the Affidavit of Aimee Dykes, indicated that the account holder's name was Natalya Pogrebinsky, with a Social Security number ending: xxx-xx-0516.

4.7     The Plaintiff Ms. Pogrebinsky's Social Security number does not end in 0516 and she made both Smith and Mandarich aware of this fact.

4.8     On or around, July 2, 2015, Mandarich sent to Plaintiffs two more letters demanding payment on the alleged debt. One of those letters stated that the current balance was $1,736.15; the other letter stated that the current balance was $1,228.36. Both letters stated that the original credit account number being collected upon was 5121075059172275. Neither letter gave a date of last payment.

4.9     On or about August 13, 2015, Plaintiffs received the summons and complaint from Defendants attempting to enforce the alleged debt and obtain a judgment against Plaintiffs. The complaint states that Defendant CACH is the successor-in-interest to a Citibank South Dakota ("Citibank") credit account ending in 2275, and states that Plaintiffs were extended a credit account by Citibank the principal sum of which was $1,228.36.

4.10     Plaintiffs never entered into a credit account with Citibank and called Mandarich around August 28, 2015, and explained that to be the case. During that call Plaintiffs confirmed

COMPLAINT - 5

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

with Mandarich agents that the alleged account belonged to a Natalya Pogrebinsky whose birth date was March 19, 1981, and whose Social Security number ended in 0516.  Plaintiff Ms. Pogrebinsky's birth date is not March 19, 1981, and her Social Security number does not end in 0516.  The Plaintiffs explained to Mandarich's agents that CACH was suing the wrong person.

4.11    On August 28, 2015, Mandarich requested Plaintiff Ms. Pogrebinsky credit information from the credit reporting agency Experian.  Plaintiff Ms. Pogrebinsky's Experian credit report states that the request was made for a "collection purpose."  The Social Security number associated with her Experian credit report does not end in 0516.

4.12    After the call, Mandarich's agents sent Plaintiff Ms. Pogrebinsky an identity fraud packet.  The packet contained a letter dated September 1, 2015, an Identity Theft Affidavit, and a Fraudulent Account Statement.  All of the documents contained the following statement in large bold type font and capitals along the bottom: "DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY."  The Identity Theft Affidavit asked Plaintiff Ms. Pogrebinsky to provide personal information including her Social Security number, her driver's license number, her address, and a history of her residences.

4.13    A few days later the Pogrebinskys called 911 to report identity fraud, per Mandarich agents' instructions during the August 28, 2015 call.  The Pogrebinskys did not provide Mandarich Ms. Pogrebinsky's personal information.  They did not believe identity theft had occurred given that the account holders social security number was different from Plaintiff Ms. Pogrebinsky's.  They also did not feel comfortable giving CACH or Mandarich Ms. Pogrebinsky's personal information.

4.14    On October 5, 2015, Defendants filed suit in King County where Plaintiffs live.

COMPLAINT - 6

4.15    On October 5, 2015, Defendants filed a Declaration of Service dated August 24, 2015, stating that it had served Natalya Pogrebinsky with a summons and complaint at 5232 157th Pl NE, Redmond, King County, WA 98052, "defendant/respondent's usual place of abode."

4.16    Defendants again filed the same declaration of service stating it had served Natalya Pogrebinsky and Doe Pogrebinsky at "defendant/respondent's usual place of abode" on October 12, 2015.

4.17    On October 12, 2015, Defendants filed ex-parte a Motion for Default dated October 8, 2015 in which Mandarich attorney Ryan Vos stated under penalty of perjury:

    a.  That he had reviewed Mandarich's file relating to this suit.

    b.  "The Defendants were served with the Summons, Notice to Service Members and their Dependents and the Complaint by personal or substitute service within Washington State. The affidavit/declaration of service is on file with the court."

    c.  "The basis for venue is that the Defendants reside within KING county."

4.18    Along with its Motion for Default, Defendants filed the Declaration of Angelica Martinez ("Martinez Declaration"), a person alleged to be the custodian of Defendant CACH's records and documents in this action.

    a.  Attached to the Martinez Declaration as Exhibit A was a document purported to be a Sears MasterCard statement for an account number ending in 2275, which had the name "Natalya Pogrebinsky" on the top. At the bottom of the statement was the address: Natalya Pogrebinsky, 1690 Bergen St, PO Box

COMPLAINT - 7

Leonard Law
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

130010, Brooklyn, NY 11213-0010.

 b. Attached to the Martinez Declaration as Exhibit B was the Affidavit of Aimee Dykes ("Dykes Affidavit") made under penalty of perjury.  Aimee Dykes affirms in her affidavit that Citibank prepared and forwarded to Defendant CACH a spreadsheet reflecting Ms. Pogrebinsky's account information, and that information included Ms. Pogrebinsky's "Account number, Account balance, the date of last payment, the Account holder's name, and Social Security number."  The affidavit states that the last four digits of the account holder's Social Security number are 0516; that the balance on the account as of the date the account was sold was $1,228.36; and that the last account payment was posted to the account on November 26, 2010.  The Dykes Affidavit was executed on August 6, 2013.

4.19 Defendants were awarded a default judgement and an order was entered the same day as the filing of the Motion for Default, October 12, 2015.

4.20 Sometime after the filing of the Motion for Default, the Plaintiffs again called Mandarich to inquire why the case was filed, given that Plaintiff Ms. Pogrebinsky did not have the same Social Security number or birthdate as the account holder.  Mandarich's agent stated that she could not discuss the case with the Pogrebinskys because they were not the defendants and said she would remove the Plaintiffs' address from their file.

4.21 The Pogrebinskys subsequently discovered that a default judgment had been entered against them, and contacted Defendants' attorneys herein.

4.22 On January 19, 2016, the Pogrebinskys' counsel, Sam Leonard, sent to Ryan Vos,

COMPLAINT - 8

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

an attorney employed at Mandarich and CACH's attorney on the Case, a letter via email demanding that the case be dismissed with prejudice and that the judgment be removed from Plaintiff Ms. Pogrebinsky's credit report. The letter outlined why Plaintiff Ms. Poggrebinsky was not liable on the debt.

4.23    On January 21, 2016, Ryan Vos sent a letter stating that there was no proof that Plaintiff Ms. Pogrebinsky was not the person who owed the debt and that there was no way that CACH could have reported the judgment or debt on Plaintiff Ms. Pogrebinsky's credit report without her Social Security number. Despite those assertions CACH agreed to set aside the default judgment and remove Plaintiff Ms. Pogrebinsky's address from the file. CACH refused to dismiss the suit.

4.24    The judgment still had not been dismissed by March 15, 2016.

4.25    On that day, Plaintiffs' counsel emailed Mr. Vos, Defendants' counsel, pointing out that the judgment still had not been vacated. Plaintiffs' counsel asked if it was still Defendants' intention to not dismiss the lawsuit.

4.26    The judgment was vacated March 22, 2016, two months after Defendants had agreed to dismiss the judgment.

4.27    Plaintiffs later learned that Defendants had accessed Plaintiff Ms. Pogrebinsky's credit report on or about August 28, 2015, the day she had called Mandarich disputing the debt, without Plaintiffs' knowledge or consent.  Defendants knew that Plaintiff Ms. Pogrebinsky's Social Security number was not that of the allege account holder.

4.28    After obtaining the default judgment in October 2015, Defendants reported the default judgment to the credit reporting agencies under Plaintiff Ms. Pogrebinsky's Social Security

COMPLAINT - 9

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

number.

## V.   CLAIMS

VIOLATIONS OF WASHINGTON'S COLLECTION AGENCY ACT (RCW 19.16 *et seq.*)
PER SE VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT
RCW 19.86 *et seq.*

5.1    Under RCW 19.16.440 of the WCAA commission of a prohibited practice listed under RCW 19.16.250 by a Washington licensed collection agency are declared to be unfair act or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the WCPA. As such, violations of the WCAA are per se violation of the WCPA.

5.2    Washington's legislature mandates that the WCPA be liberally construed to serve its purpose. RCW 19.86.920.

5.3    CACH violated RCW 19.16.250(1), thereby violating the WCPA, when it hired Smith as its collection agent, because Smith has never been licensed as a collection agency in Washington and by hiring Smith as its collection agent, Defendant CACH was aiding and abetting the unlicensed Smith's engagement in business as a collection agency in Washington.

5.4    Defendant CACH violated RCW 19.16.250(1) each time it sent to Plaintiffs, through its collection companies a notice of collection, because it was aiding and abetting the unlicensed Smith's engagement in business as a collection agency in Washington.

5.5    Defendant CACH violated RCW 19.16.250(8)(e)(ii), thereby violating the WCPA, when it sent the first collection letter to Plaintiffs, which did not include the date of last payment to the creditor on the subject debt, which was known by the Defendant at the time of its communication.

COMPLAINT - 10

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

5.6     CACH violated RCW 19.16.250(8)(e)(ii), thereby violating the WCPA, each time it sent to Plaintiffs, through Smith, a notice after the first notice, because they did not include the date of last payment on the alleged account and Plaintiffs demanded that information in there December 18, 2014 letter to Smith.

5.7     CACH and Mandarich violated RCW 19.16.250(8)(e)(ii), thereby violating the WCPA, each time Mandarich sent collection notices to the Plaintiffs, because those notices did not include the date of last payment on the alleged account and Plaintiffs demanded that information previously and because Defendants knew the date of last payment when it sent Plaintiffs that notice.

5.8     CACH violated RCW 19.16.250(8)(c)(i)-(vi), thereby violating the WCPA, when it sent the first letter to Plaintiffs, because that letter did not include an itemization of the alleged claim that included: (1) the amount owing on the original obligation at the time of assignment; (2) the amount of interest or service charges added to the underlying claim prior to assignment of the claim; (3) the amount of interest and services charges added to the claim by CACH after assignment; (4) the amount of collection costs CACH sought to collect; (5) the amount of attorneys' fees that CACH was attempting to collect; and (6) the amount of any other charges or fees that CACH was attempting to collect on its own behalf or on behalf of the assignor, which was known by the Defendant at the time of its communication.

5.9     CACH violated RCW 19.16.250(8)(c)(i)-(vi), thereby violating the WCPA, each time it sent Plaintiffs, through Smith, a notice after the first notice because those notices did not include an itemization of the total amount demanded by CACH and Plaintiffs demanded an itemization of the amount CACH claimed it was owed in their December 18, 2014 letter to

COMPLAINT - 11

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

1   Smith.

2       5.10    CACH and Mandarich violated RCW 19.16.250(8)(c)(i)-(vi), thereby violating

3
the WCPA, when Mandarich sent each collection letter to Plaintiffs, because the letters did not

4
contain an itemization of the total amount demanded by CACH, and Plaintiffs demanded an

5
itemization of the amount CACH claimed it was owed in their December 18, 2014 letter to

6
7   Smith, and because Defendants knew that information.

8       5.11    CACH and Mandarich violated RCW 19.16.250(10), thereby violating the

9
WCPA, when Mandarich sent Plaintiffs the July 2, 2015 letter stating that the principal amount

10
11  due on the alleged account was $1,736.15, when that was not the amount due.

12      5.12    Defendant CACH violated RCW 19.16.250(10), thereby violating the WCPA,

13
when it sent each letter to Plaintiffs through Smith, because Defendant could not reasonably have

14
expected Plaintiff Ms. Pogrebinsky to be liable on the claim when Defendants knew the Social

15
Security number associated with alleged account and that Social Security number was not

16
17  Plaintiff Ms. Pogrebinsky's.

18      5.13    CACH and Mandarich violated RCW 19.16.250(15), (16), (21), (22), and (23),

19
thereby violating the WCPA, when CACH through Mandarich filed suit claiming that it was

20
entitled to attorneys' fees and costs, when those additional expenses are not allowed because

21
22  CACH and Mandarich violated RCW 19.16.250 in their earlier communications with Plaintiffs.

23      5.14    CACH violated RCW 19.16.250(15), (16), (21), (22), and (23), thereby violating

24  the WCPA, when it refused to dismiss the filed state court collection action after being made

25  aware multiple times that it was suing the wrong person.

26

27

28
COMPLAINT - 12

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 *et seq.*

5.15    The FDCPA prohibits a debt collector from engaging in false and deceptive practices, including falsely representing the character, amount or legal status of a debt, 15 U.S.C §§ 1692e, 1692e(2), or from using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f. Specifically, a debt collector is prohibited from attempting to collect any amount that is not expressly authorized by the agreement creating the debt, or permitted by law. 15 U.S.C. § 1692f(1).

5.16    Because Defendants sought to collect amounts it was not legally entitled to collect and used collection tactics that are not allowed under Federal law it also violated multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692e(15), and 1692f .

VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
PER SE VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT
RCW 19.86 *et seq.*

5.17    Defendants committed per se violations of the WCPA when they violated the FDCPA.

5.18    Defendants' collection practices caused and proximately caused damage to the Plaintiffs.

UNFAIR AND DECEPTIVE ACTS AND PRACTICES - VIOLATION OF WASHINGTON'S
CONSUMER PROTECTION ACT
RCW 19.86 *et seq.*

5.19    The WCPA makes unlawful: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020.

5.20    The WCPA applies to the actions at issue herein because the Plaintiffs are

COMPLAINT - 13

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

"consumers" and the Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiffs were damaged in their property by the Defendants actions, and the complaint involves a matter of public interest that is capable of repetition and affects other consumers in this state.

5.21    Defendants violated the WCPA when they committed unfair and deceptive acts or practices through their collection activities and communications with the Plaintiffs and are liable to the Plaintiffs for actual and treble damages.

MALICIOUS PROSECUTION

5.22    Defendants pursued the claims against Plaintiffs knowing that the claims were false and unfounded, malicious and without probable cause in the filing of such action. Further, Defendants misused the judicial process by filing such action knowing CACH's claim was false and unfounded.

ABUSE OF PROCESS

5.23    Defendants misused the judicial process to obtain a default judgment against Plaintiffs knowing Plaintiffs owed no debt. They did so in an attempt to extort funds from Plaintiffs that Defendants had no right to.

VI.    RELIEF REQUESTED

6.1    For judgment against Defendants on each claim in an amount to be proven at trial.

6.2    For an award of special damages including interest if applicable, in an amount to be proven at trial;

6.3    For an award of general and/or other compensatory damages, including interest if applicable, in an amount to be proven at trial;

COMPLAINT - 14

**Leonard Law**
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 486-1176
(206) 458-6028

6.4     For an award of treble damages pursuant to 19.86 et seq.;

6.5     For an award of statutory damages in the amount of $1,000.00 provided for under 15 U.S.C. §1692k;

6.6     For injunctive relief enjoining Defendants from obtaining default judgments ex-parte via the clerk in King County Superior Court against any defendant.

6.7     For an award of Plaintiffs' reasonable attorney fees and litigation expenses pursuant to applicable state and federal statutes, including RCW 19.86 *et seq.* and 15 U.S.C. §1692 *et seq.*; and

6.8     For such other and further relief as the court deems just and equitable.

DATED this 20th day of September, 2016.


/s/ Sam Leonard
_____
Sam Leonard WSBA #46498
Attorney for Natalya Pogrebinsky and Vladimir Pogrebinsky
Leonard Law
801 2nd Avenue, Suite 1410
Seattle, WA 98104
206-486-1176


/s/Chellie Hammack
Chellie Hammack, WSBA#31796
Attorney for Natalya Pogrebinsky and Vladimir Progrebinsky
CM Hammack Law Firm
801 2nd Avenue, Suite 1410
Seattle, WA 98104
(206) 223-1909


COMPLAINT - 15